IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| GARY L. GOUGH,<br><br>        Petitioner,<br><br>v.<br><br>MICHAEL ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>        Respondent. | Case No. CV 08-182-E-CWD<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## Introduction

Currently pending before the Court for its consideration is the Petition for Review (Docket No. 1) of the Respondent's denial of social security benefits, filed by Gary L. Gough ("Petitioner") on April 25, 2008. The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record ("AR"). For the reasons that follow, the Court will affirm the decision of the Commissioner.

## I.
## Procedural and Factual History

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on August 25, 2005, alleging disability due to headaches, chronic pain, and

**MEMORANDUM DECISION AND ORDER - Page 1**

cognitive difficulties caused by traumatic brain injury. Petitioner's application was denied initially and on reconsideration, and a request for a hearing was timely filed.

Administrative Law Judge (ALJ) Donald R. Jensen held a hearing on July 20, 2007, taking testimony from Petitioner and vocational expert Anne Aastum. (AR 380-430.) ALJ Jensen issued a decision finding Petitioner not disabled on August 13, 2007. (AR 13-27.)

Petitioner filed a timely appeal to the Appeals Council which denied his request for review, making the ALJ's decision the final decision of the Commissioner. (AR 12.) Petitioner appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the July 20, 2007 hearing, Petitioner was fifty-six years of age. He has a high school education and vocational training as an electrician. His past relevant work includes work as an industrial and commercial electrician.

## II.
## Sequential Process

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantially gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since his alleged onset date. At step two, it must be determined whether claimant suffers from a severe impairment. The ALJ found Petitioner's affective disorder, organic brain injury, and substance abuse in early remission "severe" within the meaning of the Regulations. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for any listed impairments. If a claimant's impairments do not meet or equal a listing,

the Commissioner must assess the residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found Petitioner was not able to perform his past relevant work as an electrician.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience. The ALJ determined that Petitioner had the residual functional capacity to perform a wide range of medium level, unskilled work in the national economy such as cook's helper, industrial cleaner, and store laborer.  Therefore, the ALJ issued a finding that Petitioner was not disabled.

### III.
### Standard of Review

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *See* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal

error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court should not disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v.*

*Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

**IV.**
**Discussion**

Petitioner believes the ALJ erred at the second and fifth steps of the sequential evaluation process. At the second step, Petitioner contends that the ALJ erred by failing to consider Petitioner's headaches severe. At the fifth step, Petitioner contends that the ALJ erred by failing to consider Petitioner's testimony about his symptoms and their limiting effects credible and that, by finding Petitioner not credible, the ALJ's RFC determination did not include all of Petitioner's limitations. The Court will address each of these arguments in turn.

**A.      Whether Petitioner's Headaches are Severe**

First, Petitioner argues that the ALJ erred at step two because he did not make any findings regarding Petitioner's pain attributable to his headaches, which Petitioner claims had persisted for at least twelve months.

Prior to finding a medically determinable physical or mental impairment severe, a claimant must establish the existence of a physical or mental impairment. 42 U.S.C. § 423(d), Social Security Ruling (SSR) 96-4p *available at* 1996 WL 374181.[1] An impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004-5 (9th Cir. 2005). Reported symptoms alone cannot establish the existence of an impairment. *Id*. at 1005-6; SSR 96-4p.

---

[1] Social Security Rulings do not have the force of law but must be given some deference as long as they are consistent with the Social Security Act and regulations. *Ukolov v. Barnhart*, 420 F.3d 1002, n.2 (9th Cir. 2005). In *Ukolov*, the Ninth Circuit found that SSR 96-4p was consistent with the purposes of Titles II and XVI of the Social Security Act. *Id.*

**MEMORANDUM DECISION AND ORDER - Page 5**

Respondent argues that, even if Petitioner's headaches were severe, the ALJ's failure to analyze them at step two was harmless. The Court agrees. Where the ALJ does not list an arguably severe impairment at step two but proceeds to analyze the impairment's effects on residual functional capacity at a subsequent step, the error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Here, the symptoms and limitations in the record associated with Petitioner's headaches are the same as those associated with Petitioner's condition that the ALJ found severe—Petitioner's traumatic brain injury. Petitioner testified that his headaches began after his 1982 motor vehicle accident. (AR 394-395.) The ALJ addressed the symptoms of Petitioner's traumatic brain injury in his credibility analysis at step five. (AR 23.) Further, the ALJ specifically addressed the extent of Petitioner's limitations due to pain in his step five analysis, finding that Petitioner's statements, including those made in the medical records about his pain, were not credible. (AR 24.)

Therefore, the Court finds that, even if the ALJ committed error at step two by failing to analyze whether Petitioner's headaches are severe, any error was harmless and does not necessitate remand.

**B.     Petitioner's Credibility**

Petitioner argues that the ALJ erred in rejecting his subjective complaints and testimony about his pain and other physical and cognitive limitations. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ's findings must be supported by specific, cogent reasons. *Meanel*, 172 F.3d at 1113. If a claimant produces objective medical evidence of an underlying impairment,

an ALJ may not reject a claimant's subjective complaints of pain based solely on lack of medical evidence to fully corroborate the alleged severity of the pain. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). *See also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (an ALJ may not discredit a claimant's subjective testimony on the basis that there is no objective medical evidence that supports the testimony). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting pain testimony. *Burch*, 400 F.3d at 680. General findings are insufficient, and the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The reasons an ALJ gives for rejecting a claimant's testimony must be supported by substantial evidence in the record. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999). If there is substantial evidence in the record to support the ALJ's credibility finding, the court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The court reviews the administrative record as a whole to determine whether substantial evidence supports the ALJ's decision. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The issue is not whether the court agrees with the ALJ's credibility assessment, but whether the assessment is sound.

In evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, claimant's daily activities,

claimant's work record and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). The ALJ also may consider the location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; amount and side effects of medications; and treatment measures taken by claimant to alleviate those symptoms. *See* Soc. Sec. Ruling 96-7p.

In this case, the record contains substantial evidence to support the ALJ's finding that Petitioner was not fully credible. The ALJ concluded that Petitioner made inconsistent statements to his medical care providers concerning his symptoms and medical history. Whether or not a petitioner reported his symptoms, medical history, or ailments in a conflicting manner to her treating physicians is relevant to credibility. *See, e.g., Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citing inconsistent information reported to physicians concerning drug and alcohol usage); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (stating that the ALJ may consider prior inconsistent statements concerning a claimant's symptoms). First, the ALJ noted Petitioner's inconsistent statements about his substance abuse. On July 5, 2007, he reported to his physician he last used methamphetamine in 2002, (AR 377) but on March 6, 2007, he asserted his last substance use was about six months previous (AR 309).

Next, the ALJ noted that Petitioner's psychological symptoms were not reported consistently, and that practitioners believed he was malingering. On July 7, 2006, Petitioner's treating neuropsychologist indicated that Petitioner's psychological impairments were "mild" and that he suspected improvement after extended sobriety. (AR 329-330.) The treating psychologist's assessment is therefore inconsistent with Petitioner's self-reports that his

depression is "severe." Petitioner also inconsistently reported his suicidal ideation, testifying at the hearing that he thought of suicide every day but on July 5, 2007, denying thoughts of suicide. (AR 412, 375.) The consultative psychologist noted that Petitioner appeared to be exaggerating his cognitive and depressive symptoms and may be malingering. (AR 176.) Finally, Petitioner expressed on March 30, 2007, that he did not want therapy for his depression, just help with his disability claim. (AR 309.)

There are numerous instances in the medical records noted by the ALJ indicating that Petitioner consistently pressured his medical care providers for assistance with his disability claim. Petitioner's treating neuropsychologist noted on July 27, 2006, that Petitioner expressed a desire to return to work, but that his medical records indicated a consistent desire to receive disability support and he sought out extensive medical evaluations (*e.g.*, audiology, vision) toward that end. (AR 327.) On December 1, 2005, Petitioner demanded his physician complete his disability paperwork, and did so again in May of 2006. (AR 210, 336.)

The ALJ also noted that Petitioner was able to continue working after his 1982 accident, despite Petitioner's allegations that he suffered from pain, headaches, and cognitive deficiencies since that accident. (AR 23, 26.) The ALJ therefore properly rejected Petitioner's symptom testimony and the record supports the ALJ's conclusion because Petitioner was able to continue working for quite some time despite his alleged difficulties, including his headaches. *See Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996) (holding that an ALJ may reject a claimant's symptom testimony if activities of daily living are inconsistent with such testimony). Petitioner testified that his cognitive symptoms have become worse, but the ALJ noted that the treating neuropsychologist indicated the opposite was more likely true given the accepted

medical evidence that cognitive difficulties from head injuries generally are most severe after the injury but progressively improve over time. (AR 26, 330.)[2]

The ALJ noted that Petitioner claimed he suffered from "severe headaches" after his 1982 motor vehicle accident and suffered from back pain since 1972, but determined that Petitioner's statements were not credible. (AR 23.) As an example, the ALJ referred to Petitioner's request for an appointment for his back pain on April 3, 2007 (AR 308), wherein he specifically requested a work-up "on his lower back" because he was applying for Social Security disability, but that subsequent medical records indicate he did not complain of more back pain or request treatment for such pain. At the hearing, Petitioner testified he has had back problems since 1972, but that he sought no follow up treatment for his pain. (AR 402.)

Although not specifically referenced by the ALJ, additional examples of failure to seek treatment inconsistent with Petitioner's reports of pain are present in the medical records. On January 12, 2006, his medical care provider noted that Petitioner "seems really quite healthy" but is "obsessed with the fact that 'something' is wrong with him." (AR 260.) The medical records indicate Petitioner reported complaints of headaches since 1982, but that no specific medical therapy or treatment was sought or provided to him to alleviate his headaches. Despite seeking frequent medical care for other problems, Petitioner testified that he did not seek treatment for his headaches and instead applied ice packs. (AR 403, 415.) *See Orn v. Astrue*, 495 F.3d 625, 637-638 (9th Cir. 2007) (holding that a failure to follow prescribed treatment may be used as sufficient evidence to support a conclusion that a claimant is not credible in describing

---

[2] Petitioner argues that the ALJ failed to take into account Petitioner's headaches. (Pet. Brief at 13, Docket No. 16.) Given that Petitioner complained his headaches were caused by his brain injury, by discussing Petitioner's brain injury and his ability to work after the 1982 accident, the ALJ adequately addressed Petitioner's headache symptoms.

symptoms about pain, and form the basis for finding the complaint unjustified or exaggerated).

The record taken as a whole supports the ALJ's proffered reasons for rejecting Petitioner's subjective reports of pain and meet the clear and convincing standard. The ALJ's finding that Petitioner is not credible is, therefore, supported by substantial evidence in the record.

C.     **Residual Functional Capacity Assessment**

Petitioner asserts the ALJ erred in assessing Petitioner's residual functional capacity. The Petitioner contends that the hypothetical posed to the vocational expert did not include all of his limitations, specifically his physical complaints of pain due to headaches and backaches, as well as his cognitive limitations due to his brain injury.

At the fourth step in the sequential process, the ALJ determines whether the impairment prevents the claimant from performing work which the claimant performed in the past, i.e., whether the claimant has sufficient residual functional capacity to tolerate the demands of any past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). A claimant's residual functional capacity is the most he can do despite his limitations. 20 C.F.R. § 404.1545(a). An ALJ considers all relevant evidence in the record when making this determination. *Id.* Generally, an ALJ may rely on vocational expert testimony. 20 C.F.R. § 404.1566(e); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). An ALJ must include all limitations supported by substantial evidence in his hypothetical question to the vocational expert, but may exclude unsupported limitations. *Bayliss*, 417 F.3d at 1217.

The ALJ's residual functional capacity finding and the hypothetical he proposed to the vocational expert are supported by substantial evidence in the record. The AJL need not

consider or include alleged impairments that have no support in the record. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2000). In his hypothetical, ALJ Jensen relied upon the physical and mental RFC assessments provided by the state agency examiners. (AR 424, 179-196, 149-166.) The ALJ posed a hypothetical to the Vocational Expert based upon those limitations. The hypothetical limited claimant to occasional climbing of stairs, ramps, ladders, ropes or scaffolds; avoiding concentrated exposure to noise; and, due to mental impairments, limited him to simple, routine work and occasional interact with the public. The Vocational Expert found that a claimant with these limitations would be able to perform a wide range of unskilled jobs at the medium exertional level, such as cook's helper, industrial cleaner, and store laborer.

As for Petitioner's contentions that the ALJ did not address or consider his headaches and erratic behavior, these limitations are not supported by substantial evidence in the record and, accordingly, the ALJ did not need to include them in his hypothetical or RFC determination.[3] The ALJ rejected the opinion of Dr. Bowman who indicated Petitioner had extreme limitations, because Dr. Bowman recommended further evaluation by a specialist and was not qualified, therefore, to make that assessment. (AR 25.) Dr. Lindsay, Petitioner's

---

[3] Consequently, the Court need not consider Rule 202.06. *See* 20 C.F.R. Part 404, Subpart P, Appx. 2. The rule applies only if work capability is limited to light work as a result of severe medically determinable impairments, and if an individual is of advanced age, a finding of disability is warranted. Rule 202.00(a), (c). The ALJ found Petitioner's subjective complaints not credible, which therefore did not support the Vocational Expert's hypothetical limiting Petitioner to light work. The ALJ is not required to rely upon the Vocational Expert's testimony if it is not supported by substantial evidence in the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001) (holding that the ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence in the record).

**MEMORANDUM DECISION AND ORDER - Page 12**

neuropsychologist, found only mild limitations due to Petitioner's head injury. (AR 25.) [4]

Without substantial evidence in the record to support the limitations claimed by Petitioner, the ALJ did not err by excluding them from his hypothetical. Additionally, the fact that the only evidence of these limitations were statements from the Petitioner, whom the ALJ determined was not fully credible, and Dr. Bowman, whose opinion the ALJ rejected, is further support for the ALJ not affording the statements much weight in his determination. The ALJ then relied on the vocational expert's testimony, as permitted by the regulations, regarding Petitioner's ability to perform medium work. (AR 424-429.) *See* 20 C.F.R. § 404.1566(e).

The ALJ considered the record as a whole, incorporated his determination that Petitioner was not fully credible, and included the limitations supported by substantial evidence in the record. The law provides that the ALJ does not need to include unsupported limitations, which is precisely what occurred in this case. Because the ALJ did not commit error in his credibility assessment, the ALJ's hypothetical included all of Petitioner's supported limitations.

---

[4] Petitioner did not assert that the ALJ committed error in his rejection of Dr. Bowman's report. When a treating or examining physician's opinion is contradicted, that opinion can only be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983). An ALJ need not accept the opinion of a treating physician "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Kirk v. Astrue*, Slip Copy 2008 WL 2595178 (W.D. Was. 2008) *citing Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter,* 242 F.3d 1144, 1148 (2001). In this case, the ALJ noted that Petitioner's subjective complaints to his treating physicians were not credible, and also noted that more qualified specialists contradicted the earlier opinions of Petitioner's treating physician, Dr. Bowman.

# V.
## Conclusion

Based on a review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence and is not the product of legal error. Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act will be affirmed.

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be **AFFIRMED** and that the Petition for Review be **DISMISSED**.



DATED: March 9, 2010

Honorable Candy W. Dale
Chief United States Magistrate Judge